UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SARBJIT SINGH, | ) | 1:07-cv-00051-AWI-TAG-HC |
| Petitioner, | ) ) | REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO |
| v. | ) ) | DISMISS FOR LACK OF JURISDICTION |
| ATTORNEY GENERAL, et al., | ) ) | (Doc. 7) |
| Respondents. | ) ) ) | |

Petitioner is proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner originally filed his petition on January 10, 2007, alleging that he was being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") in violation of his federal constitutional rights. (Doc. 1). Petitioner alleged that he was a citizen of India and that he is currently subject to a final order of removal to that country. (Doc. 1, p. 2). Petitioner also alleges that he has been in the continuous custody of ICE since June 6, 2006, and that his continued detention is in violation of his due process rights under the Fifth Amendment and the United States Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). (Doc. 1, p. 4). The Petition requested Petitioner's immediate release under reasonably conditions of supervision. (<u>Id.</u> at p. 5).

On March 8, 2007, Respondent filed the instant motion to dismiss for lack of jurisdiction. (Doc. 7). In that motion, Respondent contends that the Court now lacks jurisdiction over the proceedings because Petitioner has been released on order of supervision and is no longer in detention. (Doc. 7, p. 1). In support of this motion, Respondent also submitted a "Release

Notification," dated March 8, 2007, from ICE to Petitioner ordering his supervised release. (Doc. 7-2). Petitioner has not filed any response to the motion to dismiss.

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant habeas proceedings, the only issue before this Court is the lawfulness of Petitioner's ongoing detention by Respondent, and the only relief which the Court could have afforded to Petitioner is an order releasing him from custody in the event that the Court determined that his continued detention by ICE was in violation of Petitioner's constitutional rights. The record now before the Court establishes that Petitioner was released from

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

**2**

1 Respondent's custody on or about March 8, 2007, on supervised release.  Such "supervised
2 release" is precisely the relief Petitioner requested in his petition.
3 Thus, there is no further relief that the Court can afford Petitioner.  Under such circumstances,
4 the petition is moot.  Accordingly, Respondent's Motion to Dismiss for Lack of Jurisdiction
5 should be GRANTED and the Petition should be DISMISSED for failure to state a claim as it
6 is now MOOT.

### **RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 7), should be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to state a claim as it is now MOOT.

This Report and Recommendation is submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2007**                               **/s/ Theresa A. Goldner**
**j6eb3d**                                              UNITED STATES MAGISTRATE JUDGE